# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MONIR A. GEORGE,        )
                               )
        Plaintiff,        )
                               )
        v.           )      C.A. No. N15M-11-248 CLS
                               )
CONNECTIONS COMMUNITY     )
SUPPORT PROGRAM, *et al.*,     )
                               )
        Defendants.     )

## ORDER

On this 21st day of July, 2016, and upon Defendant's, Connections Community Support Program ("CCSP"), Motion for Reargument on its Motion to Dismiss and Plaintiff's, Monir A. George, Response thereto, the Court finds as follows:

On May 23, 2016, CCSP timely filed its Motion for Reargument pursuant to Superior Court Civil Rule 59(e), arguing that the Court misapprehended the facts and the law in finding that CCSP knowingly or negligently allows its receptionist to exercise service authority on its behalf.

On a motion for reargument under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[1] Thus, the motion will be

---

[1] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000), *aff'd*, 763 A.2d 90 (Del. 2000).

granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2]  In its Motion, CCSP has not provided any additional information that would lead the Court to conclude that it misapprehended the facts of the case or the applicable law.  Further, there is no explanation or apology to the Court as to why counsel failed in her obligation to bring to the Court's attention *Holmes v. Connections Community Support Program, Inc.*[3] in the prior motion, as pointed out in the Court's order of May 23, 2016[4].

Because a motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised, a party seeking to have the Court reconsider the earlier ruling must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[5]  CCSP's Motion and attached affidavit merely recount actions CCSP has taken, generally, with regard to acknowledged service of process issues at its business location, crucially, without references to the dates any of these actions actually occurred. Consequently, it appears that CCSP has failed to offer specific facts that

---

[2] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[3] 2015 WL 6792716 (Del. Super. Nov. 2, 2015).
[4] *George v. Connections Cmty. Support Program, Inc.*, *et al.*, C.A. No. N15M-11-248 CLS, slip op. at 2-3 (Del. Super. May 23, 2016).
[5] *Brenner*, 2000 WL 972649, at *1.

2

point to actions taken as a result of the *Holmes* case, which would have changed the outcome of the underlying decision about which CCSP now complains.

Accordingly, for the foregoing reasons, CCSP's Motion for Reargument is hereby **DENIED**.

**IT IS SO ORDERED**.

/s/ Calvin L. Scott, Jr.
**The Honorable Calvin L. Scott, Jr.**

cc:     Prothonotary
        Monir A. George, *pro se* Plaintiff
        Dana Spring Monzo, Esquire